THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER DE LUTRO, ALEX BELLOMO and FRANK DI MARIA, Appellants.

Argued April 12, 1944; decided May 18, 1944.

*Rudolph Stand, John Cardone* and *Frederick J. Sullivan* for Peter De Lutro, appellant.

*Abraham J. Gellinoff, Joseph S. Gershman, Frank D. Paoli* and *Thomas H. Allen* for Alex Bellomo, appellant.

*Harry G. Anderson* and *Samuel Bader* for Frank Di Maria, appellant.

*Frank S. Hogan, District Attorney (Stanley H. Fuld* and *Richard G. Denzer* of counsel), for respondent.

Judgments of conviction affirmed on the ground that the evidence was amply sufficient to sustain the conviction of each defendant and that there was no prejudicial error in any of the rulings of the Trial Judge. In *People* v. *Ertel* (283 N. Y. 519) all the judges agreed that the better practice is to charge the jury in the words of section 1045-a of the Penal Law. The trial court did not err in declining to depart from this rule in this case. (See 293 N. Y. 693.)

Concur: LEWIS, CONWAY, DESMOND and THACHER, JJ.; LEHMAN, Ch. J., LOUGHRAN and RIPPEY, JJ., dissent in the following memorandum: The jury " may, as a part of its verdict, recommend that the defendant be imprisoned. for the term of his natural life " (Penal Law, § 1045-a). It cannot exercise intelligent choice whether to recommend such imprisonment if it does

not know the significance of the words " imprisoned for the term of his natural life " as used in the statute. The jury asked a question calculated to elicit an instruction in regard to the legal significance of those words and the legal consequence of a recommendation, and which showed that the jurors assumed, contrary to the provisions of section 230 of the Correction Law, that the words " imprisoned for the term of his natural life " describe imprisonment from which the prisoner might be in part relieved by action of the Parole Commission. It was error to refuse to give the requested instruction.